DOROTHEE B. THOMPSON, Respondent, *v.* MITCHELL PLACE REALTY CORPORATION, Appellant, Impleaded with DRYDOCK SAVINGS INSTITUTION, Defendant.

First Department, March 13, 1936.

*Lowell M. Birrell* of counsel [*Charles A. Van Patten* with him on the brief], for the appellant.

*Isidore Meyer* of counsel [*Lind, Shlivek, Marks & Brin*, attorneys], for the respondent.

GLENNON, J.   Plaintiff, who has a contract by assignment from one Howard F. Gerland for the purchase and sale of real property, asks in this action for a mandatory injunction directing the defendant Mitchell Place Realty Corporation "to forthwith restore the said occupation and possession of the premises to the plaintiff as enjoyed by the plaintiff's assignor prior to the eviction and dispossession of the aforesaid Howard F. Gerland under and by virtue of the final order entered in the Municipal Court of the City of New York, Borough of Manhattan, Ninth District."

The defendant-appellant made a motion at Special Term to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The motion was denied.   We believe it should have been granted.

The allegations of the amended complaint may be summarized briefly as follows: On August 13, 1934, plaintiff's assignor, Howard F. Gerland, entered into a contract in writing with the defendant Mitchell Place Realty Corporation for the purchase of certain premises in the city of New York, known and described as 109 East Thirty-ninth street, in the borough of Manhattan.   At the time of the execution of the contract and " immediately thereafter " Howard F. Gerland " lawfully came into the possession of the said premises agreed to be purchased under and by virtue of the terms of the said contract,   *   *   *   as vendee in possession, of all of which the defendant herein [Mitchell Place Realty Corporation] had knowledge and notice."

In January, 1935, a receiver of rents of the premises obtained a final order in a summary proceeding in the Municipal Court awarding him possession of the premises.   Thereafter, and pursuant to that order, plaintiff's assignor was ousted from possession.   Gerland appealed to the Appellate Term where the final order was modified by dismissing the proceedings as against him, on the ground, in substance, that the summary proceeding was not maintainable against a vendee in possession, since the conventional relationship of landlord and tenant did not exist.

It is further alleged that Gerland demanded of the defendant that he be restored to the possession of the premises, "but said demand was refused and the defendant herein has failed and refused to give to the aforesaid Howard F. Gerland possession of the premises."   There is also, of course, the appropriate allegation of the assignment of the contract to purchase to the plaintiff.

It is quite evident that the only grounds relied upon by plaintiff as a foundation for the mandatory injunction are the wrongful ouster of her assignor in the summary proceeding and her claim to enjoy the right of possession which he formerly had.

Courts of equity have been reluctant to decree mandatory injunctions based upon facts such as are alleged in this complaint. The pleading is barren of any allegation from which we can draw the conclusion that the plaintiff is in a position to carry out the contract which her assignor entered into with the defendant-appellant. The terms of the contract are not set forth. Whether or not a proper tender was made does not appear. Upon the bare assertion of a right to possession based upon an occupancy acquired by her assignor immediately after the contract was entered into, plaintiff asks for a mandatory injunction against the owner without showing a legal title or even a valid equitable title.

Plaintiff's remedy if she desires possession of the property is to ask for specific performance. Her pleading should contain appropriate allegations which may entitle her to that relief.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve a second amended complaint within twenty days upon payment of said costs.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to the plaintiff to serve a second amended complaint within twenty days after service of order upon payment of said costs.